IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHEENA ADAMS and SHEENA
RENEE ADAMS,

               Plaintiffs,

v.      1:13-cv-0257-WSD

STATE OF GEORGIA,

               Defendant.

## OPINION AND ORDER

This matter is before the Court, pursuant to 28 U.S.C. § 1915(e)(2)(B), for a determination of whether Sheena Renee Adams'[1] ("Plaintiff") Complaint [3] is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] The Magistrate Judge noted that there appears to be only one Plaintiff in this action based on the contents of the Complaint. The Court agrees and will refer to Plaintiff in the singular for the purposes of this Order.  See also Adams v. State of Georgia, Civil Action No. 1:12-cv-2264-WSD (N.D. Ga. filed June 28, 2012); State of Georgia v. Adams, Civil Action No. 1:12-cv-2034-WSD (N.D. Ga. filed June 13, 2012); State of Georgia v. Adams, Civil Action No. 1:12-cv-1805-WSD (N.D. Ga. filed May 24, 2012).

## I. BACKGROUND

On January 24, 2013, Plaintiff submitted an Application to Proceed in District Court without Prepaying Fees or Costs [1]. On January 30, 2013, Magistrate Judge Walter E. Johnson found that Plaintiff met the financial requirements for *in forma pauperis* ("IFP") status, granted her request to proceed IFP pursuant to 28 U.S.C. § 1915(a), and the Complaint was submitted to this Court for a frivolity determination [2].

In her Complaint, Plaintiff makes a variety of nonsensical claims regarding the State of Georgia having caused her "forced conversion in habeas corpus . . . manifested by a religious conversion from the invasion of a mental illness." (Compl. at 1).

## II. DISCUSSION

### A. Dismissal of a frivolous, malicious, or implausible complaint

Section 1915(e)(2) of Title 28 requires a court to dismiss an IFP case if the court determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil

Procedure] 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed her Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

Liberally construing Plaintiff's *pro se* Complaint, the Court finds Plaintiff's allegations fail to state a plausible claim upon which relief can be granted. To the extent Plaintiff's Complaint can be interpreted to present a claim for relief, the Court finds those claims lack an arguable basis in law or in fact and, thus, they are frivolous.

**III.   CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) because it is frivolous and fails to state a claim upon which relief can be granted.

**SO ORDERED** this 30th day of January, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE