IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHEENA ADAMS,

                 Plaintiff

v.                                    1:13-cv-257-WSD

STATE OF GEORGIA,

                 Defendant.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Sheena Adams'[1] ("Plaintiff") pleading entitled "Affirmative Defenses & Supporting Documents" [7].

**I.    BACKGROUND**

On January 24, 2013, Plaintiff submitted an Application to Proceed in District Court without Prepaying Fees or Costs [1]. On January 30, 2013, Magistrate Judge Walter E. Johnson granted Plaintiff's request to proceed *in forma*

---

[1] There appears to be only one Plaintiff in this action based on the contents of the Complaint and subsequent pleadings. The Court will refer to Plaintiff in the singular for the purposes of this Order. See also Adams v. State of Georgia, Civil Action No. 1:12-cv-2264-WSD (N.D. Ga. filed June 28, 2012); State of Georgia v. Adams, Civil Action No. 1:12-cv-2034-WSD (N.D. Ga. filed June 13, 2012); State of Georgia v. Adams, Civil Action No. 1:12-cv-1805-WSD (N.D. Ga. filed May 24, 2012).

*pauperis* pursuant to 28 U.S.C. § 1915(a), [2], and the Complaint was submitted to this Court for a frivolity determination [3].

On January 30, 2013, this Court dismissed Plaintiff's *pro se* Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2) [4]. In her Complaint, Plaintiff makes a variety of nonsensical claims regarding the State of Georgia having caused her "forced conversion in habeas corpus . . . manifested by a religious conversion from the invasion of a mental illness." (Compl. ¶ 1). The Court found that the allegations in the Complaint failed to state a plausible claim upon which relief could be granted. The Court further determined that, to the extent to which Plaintiff's Complaint could be interpreted to present a claim for relief, those claims lacked an arguable basis in law or fact, and the Court dismissed the Complaint as frivolous [4].

On February 5, 2013, Plaintiff filed a document titled "Affirmative Defenses & Supporting Documents" [7][2]. This *pro se* pleading contains incoherent claims similar to those in Plaintiff's original Complaint regarding "the use of habeas corpus in the plaintiff's conspiracy . . . to control and interfere with the plaintiff's personality from the invasion of a mental illness called schizophrenia. . . ." (See Dkt. Entry 7 at 1). Included with the document are exhibits that Plaintiff asserts

---

[2] That same day, Plaintiff also re-filed her Complaint [6].

are "references that are supported by factual allegations from the Plaintiff's complaint for illegal imprisonment in habeas corpus; raising a motion for appropriate relief." [7-1]. The documents include two change of address forms, a receipt from a bonding company, copies of Plaintiff's birth certificate, driver's license, and passport, a notice to meet with her probation officer, documents related to Plaintiff's mental health evaluation and treatment, and a copy a DeKalb County Superior Court order dismissing Plaintiff's complaint for civil rights violations. (See Pl.'s Ex. A-G).

The court liberally construes Plaintiff's pleading entitled "Affirmative Defenses & Supporting Documents" as an attempt to offer support for the factual allegations in her original Complaint. The Court thus construes the pleading as a motion to reconsider the dismissal of her Complaint as frivolous.

## II.   DISCUSSION

Federal Rules of Civil Procedure 59(e) and 60(b) permit the Court to alter or amend judgments or provide a party relief from a judgment or order. The Court does not reconsider its orders as a matter of routine practice. Local Rule 7.2 E., N.D. Ga. The Court's Local Rules require parties to file motions for reconsideration "within twenty-eight (28) days after entry of the order or judgment." Id. The Local Rules also provide that "[p]arties and attorneys for the

parties shall not file motions to reconsider the court's denial of a prior motion for reconsideration." Id.

Motions for reconsideration are left to the sound discretion of the district court and are to be decided "as justice requires." See Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993); Cobell v. Norton, 355 F. Supp. 2d 531, 539 (D.D.C. 2005) ("asking 'what justice requires' amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances"); United States ex rel. Corsello v. Lincare, Inc., Civil Action No. 1:98-CV-0204-ODE, 2003 WL 25714876, at *6 (N.D. Ga. June 2, 2003). Motions for reconsideration are generally appropriate where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. See Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996). A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Pres. Endangered Areas, 916 F. Supp. at

1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

The Court finds that Plaintiff has not presented any coherent explanation or legal basis for reconsideration, to include the existence of newly discovered evidence, an intervening development or change in controlling law, or a need to correct a clear error of law or fact.  Plaintiff's Motion presents additional nonsensical allegations similar to those contained in her original Complaint.  The pleadings do not present a need to correct an error of law or fact, and Plaintiff's exhibits do not offer any previously unavailable factual support for the allegations in her original Complaint.  The Court finds that justice does not require reconsideration.  See Region 8 Forest Serv. Timber Purchasers Council, 993 F.2d at 860.  For the same reasons, the Court finds no reason to amend its findings or make additional filings under Rule 52(b).  See Fed. R. Civ. Pro. 52(b) ("On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. . . ."). Plaintiff's Motion to Reconsider is denied.

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion [7] is **DENIED**.

**SO ORDERED** this 10th day of May, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE